J-S51003-20

2021 PA Super 19

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RICHARD SHAW | : | |
| | : | |
| Appellant | : | No. 289 MDA 2020 |

Appeal from the Judgment of Sentence Entered September 11, 2019
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s):  CP-40-CR-0000684-2018

BEFORE:  MURRAY, J., McLAUGHLIN, J., and McCAFFERY, J.

OPINION BY MURRAY, J.:                    **FILED FEBRUARY 17, 2021**

Richard Shaw (Appellant) appeals from the judgment of sentence imposed after a jury convicted him of possession of a controlled substance and possession of drug paraphernalia.[1]  Appellant argues that the trial court erred in denying his motion to suppress evidence (Motion to suppress) seized from an illegal traffic stop and warrantless search of his vehicle.  After careful review, we vacate the judgment of sentence and remand for further proceedings.

A single witness testified at the suppression hearing.  Hughestown Borough Police Officer Drew Malvizzi (Malvizzi) testified for the Commonwealth.  Malvizzi stated that on October 28, 2017, at approximately 8:20 p.m., he observed a Toyota SUV pass in the opposite direction.  N.T.,

_____

[1] 35 P.S. § 780-113(a)(16), (32).

2/5/19, at 4. Malvizzi looked in his patrol vehicle's rearview mirror, and noticed that "no lights [were] illuminated on the rear of [Appellant's] vehicle, which made it seem as though a registration plate did not exist." *Id.* Based on this observation, Malvizzi turned his vehicle around and began following Appellant. *Id.* at 4-5.

While traveling approximately 20 feet behind Appellant's vehicle, Malvizzi saw that although the vehicle had a license plate, it lacked required lighting. *Id.* at 5, 9. Malvizzi then turned on his overhead lights to stop the vehicle based on a violation of section 4303(b) of the Vehicle Code, which requires that "every vehicle operated on a highway shall be equipped with a rear lighting system including, but not limited to, rear lamps, rear reflectors, stop lamps and license plate light." *Id.* at 5; 75 Pa.C.S.A. § 4303(b).

Malvizzi approached the vehicle and saw that Appellant was the driver and only occupant. *Id.* at 6. While talking with Appellant through the driver's side window, Malvizzi "almost immediately" detected an odor of marijuana emanating from the vehicle. *Id.* at 6, 9, 12, 23-24. Malvizzi explained that he was familiar with the smell of marijuana from his experience as a police officer. *Id.* at 6-7.

Malvizzi further observed Appellant to be "very nervous." *Id.* at 6, 10. Although it was late October and cool outside, Appellant was "sweating kind of profusely." *Id.* Appellant told Malvizzi that he did not own the vehicle, and it belonged to a friend. *Id.* at 10. Upon request, Appellant provided Malvizzi

with his license, the vehicle registration, and the insurance card. *Id.* at 5-6, 10. Malvizzi returned to his patrol car, ran the registration information (which confirmed that the vehicle was not registered to Appellant), and called for backup assistance. *Id.* at 7, 11. Two officers from the Pittston City Police Department arrived at the scene. *Id.*

Malvizzi returned to Appellant's vehicle and asked him if the police could search the vehicle based on the odor of marijuana. Malvizzi told Appellant that "in Pennsylvania, the odor of marijuana is probable cause to search a vehicle." *Id.* at 11. Appellant did not consent to the search. *Id.* at 22-23.

The police asked Appellant to exit the vehicle, and he complied. *Id.* at 7. A search of Appellant's person did not produce any contraband. *Id.* at 12. The police then searched the vehicle, and found on the rear right seat, a black shopping bag which contained multiple individually-packaged, vacuum-sealed bags of marijuana. *Id.* at 14-16, 25, 30.[2] The police placed Appellant in custody and seized the marijuana. *Id.* at 14.

The Commonwealth charged Appellant with possession of drug paraphernalia and possession of a controlled substance, as well as possession

_____

[2] The parties do not dispute that the substance was marijuana, which weighed, altogether, approximately 2/3 of a pound.

with intent to deliver a controlled substance[3] and the summary offense of driving without rear lights.[4]

On December 11, 2018, Appellant filed a Motion to suppress, arguing that Malvizzi lacked the requisite reasonable suspicion or probable cause to conduct a lawful traffic stop. Appellant further asserted that the warrantless search of his vehicle was illegal because it was not supported by probable cause.

As discussed above, the trial court held an evidentiary hearing. On April 11, 2019, the court denied the Motion to suppress. The court based its decision on the legal authority that existed at the time, stating:

> The testimony of [Malvizzi], which the Court finds believable and credible, establishes probable cause to stop the vehicle and probable cause to search the vehicle. *See Commonwealth v. Salter*, 121 A.3d 987 (Pa. Super. 2015); *United States v. Ramos*, 443 F.3d 304, 308 (3d Cir. 2006) ("It is well settled that the smell of marijuana alone, if articulable and particularized, may establish not merely reasonable suspicion, but probable cause[."]); *see also Commonwealth v. Johnson*, 68 A.3d 930, 936 (Pa. Super. 2013) (smell of marijuana coming from trailer provided probable cause[, as well as exigent circumstances,] for search warrant) (*citing Commonwealth v. Waddell*, 61 A.3d 198 (Pa. Super. 2012)).

Order, 4/11/19.

The case proceeded to trial. A jury found Appellant guilty of possession of drug paraphernalia and possession of a controlled substance, and acquitted

---

[3] 35 P.S. § 780-113(a)(30).

[4] 75 Pa.C.S.A. § 4303(b).

- 4 -

Appellant of the remaining charges. On September 11, 2019, the trial court sentenced Appellant to 6 months of intermediate punishment, followed by an aggregate term of one year of probation. Appellant filed a timely post-sentence motion, which, after a hearing, the trial court denied.

Appellant filed a timely appeal, followed by a court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. On April 22, 2020, the trial court issued a Rule 1925(a) opinion.

Appellant presents two issues for our review:

1. Did the trial court err in finding that the traffic stop was valid based on "reasonable suspicion" or "probable cause" that the Appellant had committed a non-investigatable [*sic*] offense and then refusing to suppress all evidence seized?

2. Did the trial court err in finding, following an illegal traffic stop, that the investigators possessed probable cause, where the Appellant did not give consent to search without a warrant the vehicle operated by the Appellant and, then, refusing to suppress all evidence seized?

Appellant's Brief at 2.

At the outset, we are mindful of our standard of review when a defendant challenges the denial of a suppression motion. Our standard of review

is limited to determining whether the factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. We are bound by the suppression court's factual findings so long as they are supported by the record; our standard of review on questions of law is *de novo*. Where, as here, the defendant is appealing the ruling of the suppression court, we may consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted. Our scope of review of suppression

- 5 -

rulings includes only the suppression hearing record and excludes evidence elicited at trial.

*Commonwealth v. Yandamuri*, 159 A.3d 503, 516 (Pa. 2017) (citations omitted). Additionally, "[i]t is within the suppression court's sole province as factfinder to pass on the credibility of witnesses and the weight to be given to their testimony. The suppression court is free to believe all, some or none of the evidence presented at the suppression hearing." *Commonwealth v. Byrd*, 185 A.3d 1015, 1019 (Pa. Super. 2018) (citation omitted).

Appellant first argues that the suppression court erred in denying suppression because Malvizzi lacked reasonable suspicion or probable cause to make a lawful traffic stop. *See* Appellant's Brief at 10-15.

The quantum of cause required for a traffic stop is settled:

If a police officer possesses reasonable suspicion that a violation of [Pennsylvania's Motor Vehicle Code (MVC)] is occurring or has occurred, he may stop the vehicle involved for the purpose of obtaining information necessary to enforce the provisions of the [MVC]. *See* 75 Pa.C.S.A. § 6308(b). Reasonable suspicion is a relatively low standard and depends on the information possessed by police and its degree of reliability in the totality of the circumstances. *See Commonwealth v. Brown*, 996 A.2d 473, 477 (Pa. 2010). In order to justify the stop, an officer must be able to point to specific and articulable facts which led him to reasonably suspect a violation of the MVC. *See Commonwealth v. Holmes*, 14 A.3d 89, 95 (Pa. 2011). The standard for assessing whether a given set of observations constitutes reasonable suspicion is an objective one, based on the totality of the circumstances. *See id.*

*Commonwealth v. Wilson*, 237 A.3d 572, 578-79 (Pa. Super. 2020) (emphasis omitted).

However, we have further explained:

> Mere reasonable suspicion will not justify a vehicle stop when the driver's detention cannot serve an investigatory purpose relevant to the suspected violation. … If it is not necessary to stop the vehicle to establish that a violation of the [MVC] has occurred, an officer must possess **probable cause** to stop the vehicle.

*Salter*, 121 A.3d at 993 (emphasis added, citation omitted). To establish probable cause, the "officer must be able to articulate specific facts possessed by him at the time of the questioned stop, which would provide probable cause to believe that the vehicle or the driver was in some violation of some provision of the [MVC]." *Commonwealth v. Lindblom*, 854 A.2d 604, 607 (Pa. Super. 2004).

Here, Malvizzi stopped Appellant's vehicle after observing that there was no lighting of the rear license plate. The MVC requires that "[e]very vehicle operated on a highway shall be equipped with a rear lighting system including, but not limited to, … a license plate light, in conformance with regulations of" the Pennsylvania department of transportation. 75 Pa.C.S.A. § 4303(b); *see also Salter*, 121 A.3d at 993 (collecting the relevant regulations).

In rejecting Appellant's claim and finding that probable cause existed, the explained:

> In *Salter*, *supra*, which also addressed the ability of a police officer to make a vehicle stop based on a violation of § 4303(b), the Superior Court recognized that determining the required constitutional standard in a vehicle stop based on insufficient rear lighting is not as clear as in the case of speeding or driving while under the influence. The Court discussed the fact that there may be circumstances, "given the nature of this violation and the conditions under which plate illumination may be observed, that an officer may have to stop a vehicle to investigate further if a violation exists." [*Salter*, 121 A.3d] at 994. Since the officer in

> **Salter**[, like Malvizzi in the instant appeal,] testified that he observed [Appellant's license] plate lights to be out, he did not need to stop [Appellant's] vehicle to investigate further to determine if they were out. The [**Salter** C]ourt found that nothing more needed to be determined by the officer upon a stop to verify that the lights were not operating and that the officer possessed probable cause to legally make the stop. "Probable cause does not require certainty, but rather exists when criminality is one reasonable inference, not necessarily even the most likely inference." **Commonwealth v. Spieler**, 887 A.2d 1271, 1275 (Pa. Super. 2005).
>
> Here, we found that the testimony of Officer Malvizzi supported a finding that he had probable cause to believe that [Appellant's] conduct violated 75 Pa.C.S.A. § 4303(b). Malvizzi testified at the suppression hearing that he initially noticed what appeared to be no rear lights on [Appellant's] vehicle, in his rear view mirror, after [Appellant] had passed him going in the opposite direction. N.T., 2/5/19, at 4. After determining that he could not see [Appellant's] license plate, Malvizzi turned his vehicle around and began following [Appellant] until he caught up with him. **Id.** at 4-5. He was able to confirm that the lights on the plate were not working. **Id.** at 5. When he got closer to the vehicle, Malvizzi "was able to see that the two lights that are positioned above the license plate to illuminate it were out." **Id.** As in **Salter**, **supra**, nothing more needed to be determined by Officer Malvizzi to verify that [Appellant's] rear lights were not operating and, therefore, he possessed probable cause to legally make the vehicle stop of the Toyota.

Trial Court Opinion, 4/22/20, at 9-10 (citations modified).

Our review discloses that the trial court's findings are supported by the record and the law, such that Officer Malvizzi possessed probable cause to lawfully stop Appellant for violating section 4303(b) of the MVC. **See Salter**, 121 A.3d at 994. Accordingly, Appellant's first issue does not merit relief.

In his second issue, Appellant contends the suppression court erred in finding that Malvizzi had probable cause to search Appellant's vehicle, without his consent, upon detecting an odor of marijuana. **See** Appellant's Brief at

15-26; *see also id.* at 25 (arguing "Malvizzi clearly testified that the decision to search the vehicle was based solely upon the general odor of marijuana."). Given recent and significant changes in the law, we agree.

In ruling to the contrary, the trial court relied on prevailing law at the time. The court explained:

> The search of the Toyota, even without [Appellant's] consent, is permissible under Pennsylvania's automobile exception to the warrant requirement. **Commonwealth v. Gary**, 91 A.3d 102 (Pa. [] 2014) (plurality) [(overruled by **Commonwealth v. Alexander**, 2020 Pa. LEXIS 6439, 2020 WL 7567601 (Pa. 2020)]. In **Gary**, the [] Court held that the prerequisite for a warrantless search of a motor vehicle is probable cause to search; **no exigency beyond the inherent mobility of a motor vehicle is required**. *Id.* at 138. Upon smelling the very strong odor of marijuana as soon as [Malvizzi] approached the back door of [Appellant's vehicle,] Malvizzi had probable cause to search the vehicle. The smell of marijuana coming from [Appellant's vehicle] **alone** provided grounds to search it. **See Gary**, **supra** (noting that the smell of marijuana coming from inside the vehicle provided probable cause to search); **see also Ramos**, **supra** ("It is well settled that the smell of marijuana alone, if articulable and particularized, may establish not merely reasonable suspicion, but probable cause"); **Johnson**, **supra** (smell of marijuana coming from trailer provided probable cause for search warrant) (*citing* **Waddell**, **supra**); **Commonwealth v. Stoner**, 344 A.2d 633, 635 (Pa. Super. 1975) (holding that the smell of marijuana provides probable cause to search). In the instant case, Malvizzi could smell the odor of marijuana as he approached the rear door of the Toyota. Malvizzi, as a police officer, was trained to identify drugs and was familiar with the smell of marijuana. N.T., 2/5/19, at 4, 6-7. Malvizzi's ability to smell and recognize the odor of marijuana emanating from the car provided the necessary probable cause to search the vehicle during the traffic stop without a search warrant.

Trial Court Opinion, 4/22/20, at 10-11 (emphasis added, citations modified).

Significantly, on December 22, 2020, the Pennsylvania Supreme Court in **Alexander**, **supra**, overruled **Gary** and its progeny. The Supreme Court held that warrantless vehicle searches require both probable cause and exigent circumstances under Article I, Section 8 of the Pennsylvania Constitution. **See Alexander**, **supra** at *25 (stating the "long history of Article I, Section 8 and its heightened privacy protections do not permit us to carry forward a bright-line rule that gives short shrift to citizens' privacy rights."). The **Alexander** Court instructed that courts "will have to decide, just as they did pre-**Gary**, whether exigent circumstances justified warrantless searches in discrete scenarios, with a focus on the particular facts." **Id.** The Court further noted that there is no definition of exigency "that will apply to all scenarios"; however, the

> basic formulation of exigencies recognizes that in some circumstances the exigencies of the situation make the needs of law enforcement so compelling that the warrantless search is objectively reasonable under the Fourth Amendment. That inquiry is not amenable to *per se* rules and requires a consideration of the totality of the circumstances.

**Id.** (citation and quotations omitted). "Essentially, the exigent circumstances exception involves balancing the needs of law enforcement against individual liberties and/or rights. Some factors will outweigh others in a given case." **Johnson**, 68 A.3d at 937 (citation omitted).

In addition to conflicting with **Alexander**, the trial court's ruling conflicts with this Court's recent decision in **Commonwealth v. Barr**, 240 A.3d 1263

- 10 -

(Pa. Super. Sept. 25, 2020).[5]  In **Barr**, we held that the odor of marijuana emanating from a vehicle during a police traffic stop, **alone**, is **not** sufficient to establish probable cause.  **See id.** at 1283-88; **cf.** Trial Court Opinion, 4/22/20, at 10 (relying on **Gary**, **supra** to conclude the "smell of marijuana coming from [Appellant's vehicle] **alone** provided grounds to search it." (emphasis added)).

The police officer in **Barr** made a traffic stop for an MVC violation, and conducted a search of defendant's vehicle based on the odor of marijuana emanating from the car's window.  **Barr**, 240 A.3d at 1270.  In addressing whether the odor alone was enough to establish probable cause, we observed that the "plain smell doctrine," which was premised on "the previously universal fact of marijuana's illegality and its distinctive odor," had been altered and "diminished" by Pennsylvania's Medical Marijuana Act (MMA), 35 Pa.C.S.A. § 10231.101 *et seq.*[6]  **Barr**, 240 A.3d at 1275.  In finding that the MMA "clearly altered the underlying factual context in which [the] probable cause test applies," this Court held that the "odor of marijuana **alone**, absent any other circumstances, cannot provide individualized suspicion of criminal activity."  **Id.** at 1287 (emphasis added).  We explained "the odor of marijuana

---

[5] **Barr**, like **Alexander**, was decided **after** the trial court's April 11, 2019 suppression ruling and during the pendency of this appeal.

[6] The MMA became effective in May 2016, prior to the October 2017 traffic stop of Appellant's vehicle.

may **contribute** to a finding of probable cause, as possession of marijuana remains illegal generally," but "the odor **alone** does not imply individualized suspicion of criminal activity[.]" ***Id.*** at 1288 (emphasis added); ***see also id.*** at 1275 (holding that "odor of marijuana is **a factor** for consideration in a determination of the existence of probable cause." (emphasis in original)). Because the suppression court in ***Barr*** ruled to the contrary, we vacated the order granting suppression and remanded for reconsideration. ***Id.*** at 1269 (noting the suppression court failed to give any weight to the odor of marijuana, and "did not appear to evaluate any other factors in conjunction with the odor of marijuana in its probable cause analysis"). The ***Barr*** Court:

> remand[ed] for reconsideration of th[e] motion [to suppress] by the trial court given the deficiencies in the court's opinion identified herein. We instruct the court that while it is not compelled by case law to find that probable cause exists solely on the basis of the odor of marijuana, that fact **may**, in the totality of the circumstances, still **contribute** to a finding of probable cause to believe the marijuana detected by the odor was possessed illegally. . . . [T]he court must also consider (or explain why it need not consider) the other factors suggested by the Commonwealth as contributing to a finding of probable cause, such as the Appellee's statements and demeanor during the stop . . . .

*Id.* at 1289 (emphasis added).[7]

The Supreme Court in ***Alexander*** likewise concluded that it was appropriate to remand to the suppression court for further proceedings on probable cause to search, where "the testimony was not particularly directed at the exigencies of the situation," and "further development" was warranted. ***Alexander***, ***supra***, at *25. The Supreme Court thus "reverse[d] the order of the Superior Court" (*i.e.*, affirming defendant's judgment of sentence), "with directions to remand the matter to the trial court for further proceedings consistent with this opinion." ***Id.***

Accordingly, we vacate Appellant's judgment of sentence and remand for further proceedings consistent with the decisions in ***Alexander*** and ***Barr***. ***See Alexander***, ***supra*** at *25 ("whether the instant search was authorized under [the appropriate] standard . . . requires further development" on remand); ***Barr***, ***supra*** (holding, under analogous circumstances, that "the most prudent course of action is to remand for reconsideration," where the suppression court "failed to provide us with discrete credibility assessments

_____

[7] Instantly, the Commonwealth asserts that in light of ***Barr***, "[r]eopening the record is necessary" to "provide the lower court with sufficient facts to make a totality of the circumstances determination regarding the existence of probable cause." Commonwealth Brief at 9. The Commonwealth argues that other considerations, in addition to the odor of marijuana coming from Appellant's vehicle, "include, but are not limited to, the nervousness of [Appellant], his profuse sweating, and [that the vehicle in question] was not registered to him." ***Id.***

relevant to the **other potential factors** affecting probable cause in its opinion." (emphasis added)).[8]

Judgment of sentence vacated. Order denying Motion to suppress affirmed as to the court's finding of probable cause for the traffic stop, and reversed as to the court's finding of probable cause to search the vehicle. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/17/2021

---

[8] The trial court's opinion does not address any "other potential factors" in its probable cause analysis; rather, it relied upon the law at the time as stated in **Gary**, **supra**, and focused solely on the odor of marijuana detected by Officer Malvizzi.