J-S11044-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| WILLIAM MOORE, III | : | |
| | : | |
| Appellant | : | No. 477 WDA 2020 |

Appeal from the Judgment of Sentence Entered March 10, 2020
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0000599-2019

BEFORE:   STABILE, J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                    **FILED: MAY 3, 2021**

Appellant, William Moore III, appeals from the aggregate judgment of sentence of five to ten years of confinement followed by three years of probation, which was imposed after his convictions at a stipulated bench trial for:  persons not to possess, use, manufacture, control, sell or transfer firearms; firearms not to be carried without a license; use of or possession with intent to use drug paraphernalia; and possessing instruments of crime ("PIC").[1]  After careful review, we vacate the judgment of sentence and remand for a new suppression hearing.

The facts underlying this appeal are as follows:

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 6105(a)(1), 6106(a)(1), 35 P.S. § 780-113(a)(32), and 18 Pa.C.S. § 907(a), respectively.

Agent Richard Castagna testified that he was conducting mobile surveillance on November 27, 2018 near Farnsworth Avenue and Miller Avenue in the City of Clairton due to a recent rash of shooting incidents and drug complaints. At the time of [Appellant]'s arrest, Agent Castagna was a detective for the City of Clairton Police Department. At the time of trial, Agent Castagna was a narcotics agent for the Pennsylvania Attorney General's Office. While he was conducting surveillance, he observed a black automobile driving up Miller Avenue and turn onto Farnsworth Avenue without its turn signal activated. Agent Castagna then initiated a traffic stop of the vehicle on Madison Avenue. Prior to actually stopping the vehicle, Agent Castagna observed [Appellant] place a backpack (later described as a blue Kenneth Cole Reaction bookbag) behind the driver's seat. Agent Castagna approached the passenger side of the vehicle and Officer Tallie[2] approached the driver's side. Both law enforcement officers smelled a strong odor of marijuana emanating from the vehicle. Both occupants of the vehicle were removed from the vehicle and patted down for officers' safety. The driver, Kelsey Gori, was cooperative and admitted that she had been smoking marijuana. She removed a baggie of marijuana from her bra and gave it to Officer Tallie. The passenger in the vehicle was [Appellant]. Upon being removed from the vehicle and being patted down, [Appellant] refused to identify himself. The officers began searching the vehicle. The officers also observed marijuana "roaches," or burnt marijuana cigarettes, in the vehicle. Soon, [Appellant]'s mother and brother arrived on the scene of the traffic stop. [Appellant] started to walk away from the site of the traffic stop. He was ordered not to leave. [Appellant] became irate and began yelling at the police officers that they could not search his backpack. He told the officers at least three times that they could not search the backpack. [Appellant]'s mother also yelled at the police officers that they could not search the backpack. [Appellant]'s mother was also detained at the scene. As the officers approached the backpack, [Appellant] left the scene of the traffic stop and entered a residence [on] Madison Avenue.

Officer Tallie then searched the backpack. Inside the backpack was a .45 caliber Springfield Armory pistol, marijuana, ammunition, . . . and ripped baggies used for drug sales.

---

[2] Officer Tallie's first name does not appear in the certified record.

Trial Court Opinion, dated July 15, 2020, at 1-3. The trial court also concluded that the backpack contained "a knife with a 14-inch blade[.]" *Id.* at 3.

Appellant filed a motion to suppress, alleging that police "performed a search of the vehicle without a warrant, [p]robable [c]ause, exigent circumstances or consent." Motion to Suppress, 5/10/2019, at ¶ 4. During the hearing on the motion, Appellant's counsel stated that, according to then-current case law, "Only probable cause and no exigent circumstances are required for the police to engage in an automobile search, thus Pennsylvania has agreed with the Federal rule regarding vehicle searches." N.T., 7/18/2019, at 33. "Th[e trial c]ourt denied [Appellant]'s suppression motion because Agent Castagna and Officer Tallie both smelled marijuana emanating from the vehicle[,] observed "roaches" of marijuana in the vehicle[,]" and had taken possession of marijuana from Ms. Gori that she had concealed on her person. Trial Court Opinion, dated July 15, 2020, at 5.

"After the denial of a suppression motion, [Appellant] proceeded to a stipulated nonjury trial" and was convicted of the aforementioned charges. *Id.* at 1. Appellant "was sentenced to a term of imprisonment of not less than 5 years and not more than 10 years followed by three years of probation. No further penalty was imposed at the remaining counts of conviction. [Appellant] then filed a Notice of Appeal[.]" *Id.*

On May 29, 2020, Appellant filed his statement of errors complained of on appeal, alleging, *inter alia*, that the trial court erred by denying his suppression motion, because the "police did not have independent probable

- 3 -

cause to conduct a warrantless search." Concise Statement of Errors Complained of on Appeal, 5/29/2020, at ¶ 4.a. The concise statement makes no mention of exigent circumstances.[3]

Appellant now presents the following issues for our review:

I.    Did the trial court err in denying the suppression motion because police did not have probable cause to conduct a warrantless search of the closed backpack in the back seat of the car?

II.    Was the evidence . . . insufficient to sustain the conviction for [PIC], as the Commonwealth did not prove, beyond a reasonable doubt, that there was a knife in the backpack or that [Appellant] had an intent to use a knife criminally?

Appellant's Brief at 5 (suggested answers and trial court's answers omitted).

Appellant first challenges the denial of his suppression motion. *Id.* at 13.

In reviewing the denial of a suppression motion, our role is to determine whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. Because the Commonwealth prevailed before the suppression court, we may consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the suppression court's factual findings are supported by the record, we are bound by these findings and may reverse only if the court's legal conclusions are erroneous. Where, as here, the appeal of the determination of the suppression court turns on allegations of legal error, the suppression court's legal conclusions are not binding on an appellate court, whose duty it is to determine if the suppression court properly applied the law to the facts. Thus, the conclusions of law of the courts below are subject to our plenary review.

---

[3] The trial court entered its opinion on July 15, 2020.

*Commonwealth v. Yim*, 195 A.3d 922, 926 (Pa. Super. 2018) (citations and internal brackets omitted). Furthermore, our scope of review from a suppression ruling is limited to the evidentiary record created at the suppression hearing. *Commonwealth v. Fulton*, 179 A.3d 475, 487 (Pa. 2018).

Appellant argues that "police did not have probable cause to conduct a warrantless search of the closed backpack in the back seat of the car." Appellant's Brief at 13.

"The level of probable cause necessary for warrantless searches of automobiles is the same as that required to obtain a search warrant." *Commonwealth v. Scott*, 210 A.3d 359, 363 (Pa. Super. 2019) (citations omitted).

> "Probable cause does not demand the certainty we associate with formal trials. Rather, a determination of probable cause requires only that the totality of the circumstances demonstrates a fair probability that contraband or evidence of a crime will be found in a particular place." *Commonwealth v. Manuel*, 194 A.3d 1076, 1081 (Pa. Super. 2018) (*en banc*) (quoting *Commonwealth v. Otterson*, 947 A.2d 1239, 1244 (Pa. Super. 2008)).

*Id.*

Significantly, during the pendency of this appeal, on December 22, 2020, the Supreme Court of Pennsylvania decided *Commonwealth v. Alexander*, 243 A.3d 177 (Pa. 2020), which overruled *Commonwealth v. Gary*, 91 A.3d 102 (Pa. 2014), and its progeny. *Gary* had held that the search-and-seizure provision of the Pennsylvania Constitution provides no greater protection than does the Fourth Amendment of the United States

Constitution with regard to warrantless searches of automobiles. **Gary** continued that the **only** prerequisite for a warrantless search of a motor vehicle is probable cause to search, with no exigency required beyond the inherent mobility of a motor vehicle.

In **Alexander**, 243 A.3d at 180–81, 208–09, the Pennsylvania Supreme Court concluded that Article I, Section 8 of the Pennsylvania Constitution affords greater protection to our citizens than the Fourth Amendment of the United States Constitution, noting that "[t]he long history of Article I, Section 8 and its heightened privacy protections do not permit us to carry forward a bright-line rule that gives short shrift to citizens' privacy rights." Our Supreme Court thereby re-affirmed and reinstated the pre-**Gary** line of cases that required police to have **both probable cause and exigent circumstances** before conducting a warrantless search of an automobile. **Id.** at 180–81, 208–09. The Supreme Court instructed that courts "will have to decide, just as they did pre-**Gary**, whether exigent circumstances justified warrantless searches in discrete scenarios, with a focus on the particular facts." **Id.** at 208.

In **Commonwealth v. Shaw**, 2021 PA Super 19, *13 (filed February 17, 2021), this Court concluded that, where the testimony at the original suppression hearing was "not particularly directed at the exigencies of the situation," it was appropriate to remand to the suppression court for further proceedings. Accordingly, in **Shaw**, this Court "vacate[d the a]ppellant's judgment of sentence and remand[ed] for further proceedings

consistent with" **Alexander**. **Id.** (citing **Alexander**, 243 A.3d at 208-09). Consequently, we vacate Appellant's judgment of sentence and remand for further proceedings consistent with this decision.

Judgment of sentence vacated. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/22/2021