J-S44017-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JOSHUA EUGENE FORD | : | No. 569 MDA 2020 |

Appeal from the Suppression Order Entered March 10, 2020
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0002698-2019

BEFORE: BENDER, P.J.E., NICHOLS, J., and McCAFFERY, J.

MEMORANDUM BY McCAFFERY, J.:          **FILED: OCTOBER 13, 2021**

The Commonwealth appeals from the order entered in the Berks County Court of Common Pleas granting in part, and denying in part, the pretrial motion to suppress filed by Joshua Eugene Ford (Appellee).[1] The Commonwealth argues the trial court erred in concluding that a state trooper lacked probable cause to search the trunk of Appellee's vehicle following a traffic stop and, thus, in suppressing evidence recovered from the trunk, as well as statements made by Appellee after the search. For the reasons below, we vacate the order and remand for further proceedings.

---

[1] The Commonwealth certified in its notice of appeal that the trial court's order "terminated or substantially handicap the prosecution of this case" pursuant to Pa.R.A.P. 311(d). **See** Commonwealth's Notice of Appeal, 3/25/20; Pa.R.A.P. 311(d) (permitting the Commonwealth to file interlocutory appeal as of right in a criminal case from an order "that does not end the entire case where the Commonwealth certifies in the notice of appeal that the order will terminate or substantially handicap the prosecution").

The facts underlying this appeal are set forth by the trial court as follows:

On April 4, 2019 in the late morning hours, Trooper Jordan Garrett of the Pennsylvania State Police was on stationary patrol on Interstate 176 in Robeson Township, Berks County, Pennsylvania which is a limited access highway. He observed [Appellee's] vehicle which had heavily tinted windows that prevented him from seeing into the vehicle. The trooper conducted a traffic stop. As the trooper approached, he could not see into the vehicle other than a slight silhouette. The vehicle was properly registered in New Jersey. The sole occupant was the driver, [Appellee]. In response to questions from the trooper, [Appellee] indicated the car belonged to a friend and that he was going to Wernersville to meet a person from Instagram. [Appellee] could not provide a name and had a street name but not a house number. During his initial interaction with the Trooper, [Appellee] had trembling hands and an elevated pulse rate. The trooper smelled an odor of marijuana and observed loose marijuana in the center console area near the shifter.

At that point, [Appellee] was asked to step out of the car and was directed to the front of the trooper's patrol unit. The keys and [Appellee's] phone remained in the vehicle. [Appellee] was given a pat down search. The trooper searched [Appellee's] vehicle. On the rear driver's side floor, there was a plastic baggie with lollipops and candy in clear plastic baggies with no markings. A search of the trunk revealed a brown backpack containing several containers of loose marijuana, a separate package of marijuana and a firearm. After the marijuana and gun were found, the trooper asked [Appellee] about them. There was no testimony about what the trooper asked or the responses, nor any testimony about a second statement[.]

Trial Ct. Op., 3/9/20, at 2-3 (paragraph break added).

Appellee was arrested and charged with possession with intent to deliver controlled substances, possession of drug paraphernalia, receiving stolen property, persons not to possess firearms, possessing a firearm without a

- 2 -

license, driving under suspension, and windshield obstructions.[2] On August 26, 2019, Appellee filed a pretrial suppression motion challenging the legality of the traffic stop, the subsequent search of both the passenger compartment and trunk of the vehicle, and statements he made to the trooper absent *Miranda*[3] warnings.

The trial court conducted a suppression hearing on November 6, 2019. On March 9, 2020, the court entered an order granting in part, and denying in part, Appellee's suppression motion. Specifically, the trial court determined: (1) Pennsylvania's window tint statute is not unconstitutional; (2) Trooper Garrett had probable cause to stop Appellee's vehicle for a violation of that statute; (3) Appellee's actions during the stop provided Trooper Garrett with reasonable suspicion to "justify a continued investigative detention[;]" (4) Trooper Garrett's observation of marijuana in the passenger compartment of the vehicle, coupled with the strong smell of marijuana, provided the trooper with probable cause to search the passenger compartment; however, (5) "[t]he search of the passenger compartment did not give rise to probable cause to search the trunk[;]" and (6) "any subsequent statements [by Appellee] are tainted as fruit of the poisonous tree." Trial Ct. Op. at 3. Thus, the trial court suppressed the evidence

---

[2] *See* 35 Pa.C.S. § 780-113(a)(30), (32); 18 Pa.C.S. §§ 3925(a), 6105(a)(1), 6106(a)(1); 75 Pa.C.S. §§ 1543(a), 4524(e)(1).

[3] *Miranda v. Arizona*, 384 U.S. 436 (1966).

recovered from the trunk of the car, as well as any subsequent statements made by Appellee.[4]  **See id.** at 9.  This timely Commonwealth appeal follows.[5]

The Commonwealth raises two, related claims on appeal:

A. Did the suppression court err by concluding that the law enforcement officer lacked probable cause to search the trunk area of the vehicle after finding that there was probable cause to search the passenger compartment of the vehicle which under long-standing Pennsylvania and United States Supreme Court precedent allows law enforcement to search the entire vehicle?

B. Did the suppression court err by suppressing any statements made by [Appellee] after the search of the trunk as fruit of the poisonous tree as the search of the trunk was constitutionally permissible?

Commonwealth's Brief at 4.

Our review of an order granting a motion to suppress evidence is well-established:

When reviewing the propriety of a suppression order, an appellate court is required to determine whether the record supports the suppression court's factual findings and whether the inferences and legal conclusions drawn by the suppression court from those findings are appropriate.  [Where appellee] prevailed in the suppression court, we may consider only the evidence of the defense and so much of the evidence for the Commonwealth as remains uncontradicted when read in the context of the record as a whole.  Where the record supports the factual findings of

_____

[4] As noted **supra**, the trial court explained that there was no testimony regarding these subsequent statements at the suppression hearing.  **See** Trial Ct. Op. at 3, 10.

[5] Although not ordered to do so by the trial court, the Commonwealth filed a Pa.R.A.P. 1925(b) statement of errors complained of on appeal on April 7, 2020.

the suppression court, we are bound by those facts and may reverse only if the legal conclusions drawn therefrom are in error. However, where the appeal of the determination of the suppression court turns on allegations of legal error, the suppression court's conclusions of law are not binding on an appellate court, whose duty it is to determine if the suppression court properly applied the law to the facts.

*Commonwealth v. Tillery*, 249 A.3d 278, 280 (Pa. Super. 2021) (citation omitted).

In its first claim, the Commonwealth insists that under the standard set forth in *Commonwealth v. Gary*, 91 A.3d 103 (Pa. 2014) (plurality),[6] "and its progeny, the search in this case was permissible under the 4th Amendment and the federal automobile exception." Commonwealth's Brief at 11. It insists the trooper's observations of Appellee's "shaking hands and elevated pulse[,]" coupled with the "strong" odor of marijuana, provided probable cause to search Appellee's entire vehicle — including the trunk. *Id.* at 12-13. Further, the Commonwealth contends the trial court's reliance on *Commonwealth v. Scott*, 210 A.3d 359 (Pa. Super. 2019), is misplaced. *See id.* at 11-13.

"The Fourth Amendment, by its text, has a strong preference for searches conducted pursuant to warrants." *Commonwealth v. Leed*, 186 A.3d 405, 413 (Pa. 2018) (citation omitted). Nevertheless, in *Gary*, the Pennsylvania Supreme Court, in a plurality decision, adopted the federal automobile exception to the warrant requirement, holding: "The prerequisite for a warrantless search of a motor vehicle is probable cause to search; **no**

---

[6] As will be discussed *infra*, the Pennsylvania Supreme Court recently overruled *Gary* in *Commonwealth v. Alexander*, 243 A.3d 177 (Pa. 2020).

**exigency beyond the inherent mobility of a motor vehicle is required**."
*Gary*, 91 A.3d at 138 (emphasis added). The Opinion Announcing the Judgment of the Court explicitly concluded there was "no compelling reason to interpret Article I, Section 8 of the Pennsylvania Constitution as providing greater protection with regard to warrantless searches of motor vehicles than does the Fourth Amendment." *Id.*

However, during the pendency of this appeal, in December of 2020, the Pennsylvania Supreme Court overruled its decision in *Gary*, stating: "Article I, Section 8 [of the Pennsylvania Constitution] affords greater protection to our citizens than the Fourth Amendment" of the United States Constitution. *Alexander*, 243 A.3d at 181. The *Alexander* Court opined:

> As a result of today's decision, we return to the pre-*Gary* application of our limited automobile exception under Article I, Section 8 of our Constitution, pursuant to which **warrantless vehicle searches require both probable cause and exigent circumstances**; "one without the other is insufficient.'"

*Id.* at 207 (emphasis added).

At the time the trial court ruled on Appellee's suppression motion, *Gary* was the prevailing law in this Commonwealth. Thus, in his suppression motion, Appellee lodged a general objection to the legality of the vehicle search, noting that pursuant to *Gary*, "warrantless vehicle searches with probable cause are legal[.]" *See* Appellee's Omnibus Pretrial Motion, 8/26/19, at 8-9. Similarly, in ruling on the motion, the trial court relied on the then-precedential *Gary* and considered **only** whether Trooper Garrett possessed probable cause to search Appellee's vehicle. Trial Ct. Op. at 8. The court

found the search of the passenger compartment of the vehicle was supported by probable cause based upon the odor of marijuana, the small amount of marijuana in plain view, and Appellee's demeanor at the time of the stop. *See id.* at 7-9. However, as noted above, the trial court concluded the totality of the circumstances did not provide probable cause to justify a search of the **trunk** of the vehicle. *Id.* at 9. In doing so, the court relied upon this Court's decision in *Scott*.

In *Scott*, an officer smelled a strong odor of burnt marijuana as he approached the defendant's vehicle for a traffic stop. *Scott*, 210 A.3d at 361. At that time, the officer also observed smoke emanating from the vehicle and saw the defendant place a blunt in the center console. *Id.* Based on these facts, the officer and his partner searched the passenger compartment of the vehicle, where they found a jar containing alleged marijuana, and then searched the trunk, where they recovered a handgun wrapped in clothing. *Id.* The trial court granted suppression of the handgun, concluding the odor of burnt marijuana did not establish probable cause to search the trunk of the vehicle. *Id.* at 362.

On appeal, this Court affirmed the trial court's ruling, and held that, upon discovering the obvious source of smoke and the odor of burnt marijuana, the officer did not have probable cause to search the defendant's trunk. *See Scott*, 210 A.3d at 364-65. We acknowledged that "if a police officer possesses probable cause to search a motor vehicle, he may then conduct a search of the trunk compartment without seeking to obtain probable

cause relative to the particularized area." *Id.* at 364 (citation omitted) However, the *Scott* panel emphasized:

> Here, the lingering odor of burnt marijuana was consistent with the contraband that the officer observed in plain view.
>
> Further, the record does not provide any other facts that could have supported a belief that additional contraband was located in the trunk. The officer did not testify that [the defendant] fidgeted or displayed nervous behavior. Rather, the officer's only testimony about [the defendant's] demeanor was that he looked "like a deer in headlights" and "appeared like he didn't know what to do. . . ." In the context of a traffic stop, such a demeanor is not unusual.

*Id.* at 364-65 (citations and footnote omitted).

We agree with the Commonwealth that the facts of the case *sub judice* are distinguishable from those in *Scott*. Here, unlike in *Scott*, there was no indication that the small amount of raw marijuana in Appellee's center console was the obvious source of the strong odor of marijuana detected by Trooper Garrett. *See Scott*, 210 A.3d at 364 (noting "the lingering odor of burnt marijuana was consistent with the contraband that the officer observed in plain view"). Moreover, Trooper Garrett provided specific testimony concerning Appellee's suspicious demeanor — that Appellee had "trembling hands, [an] elevated pulse, [and an] inability to provide a name of the person he was going to visit and only a street and town with no house number as his destination." *See* Trial Ct Op. at 7. Indeed, the trial court cited these facts as "specific indicators from [Appellee] that gave rise to reasonable suspicion" supporting the investigative detention. *Id.*

To the extent the court did **not** consider these observations of Trooper Garrett in determining whether the trooper had **probable cause** to search Appellee's vehicle, however, we conclude the court erred. ***See Commonwealth v. Bumbarger***, 231 A.3d 10, 18 (Pa. Super. 2020) ("With respect to probable cause, this [C]ourt adopted a 'totality of the circumstances' analysis [which] dictates that we consider **all relevant facts**, when deciding whether [the officer had] probable cause.") (citation omitted and emphasis added), *appeal denied*, 239 A.3d 20 (Pa. 2020). Thus, we conclude Appellee's demeanor, coupled with the strong odor of marijuana, which "was not consistent with" the "loose particles"[7] of marijuana observed in the center console area, created "a fair probability that [Trooper Garrett] could recover additional contraband in the trunk." ***See Scott***, 210 A.3d at 364-65. Accordingly, we vacate the order granting Appellee's motion to suppress.

However, our inquiry does not end here. As noted ***supra***, in December 2020, the Pennsylvania Supreme Court overruled ***Gary***, and returned "to the pre-***Gary*** application of [the] automobile exception . . . pursuant to which **warrantless vehicle searches require both probable cause and exigent circumstances**; 'one without the other is insufficient.'" ***Alexander***, 243 A.3d at 207 (citation omitted and emphasis added). Because ***Gary*** was the controlling law at the time of the suppression hearing, the trial court did not

---

[7] ***See*** N.T., 11/6/19, at 7.

consider whether Trooper Garrett possessed exigent circumstances, aside from the general mobility of the vehicle, to conduct the warrantless search. Indeed, **Alexander** constitutes a new rule of law. It is well-settled that "in order for a new rule of law to apply retroactively to a case pending on direct appeal, the issue had to be preserved at 'all stages of adjudication up to and including the direct appeal.'" **Commonwealth v. Tilley**, 780 A.2d 649, 652 (Pa. 2001) (citation omitted).

In his suppression motion, Appellee, citing **Gary**, acknowledged that "warrantless vehicle searches with probable cause are legal in Pennsylvania.[.]" Appellee's Omnibus Pretrial Motion, at 8-9. The fact that Appellee did not specifically challenge the exigency requirement is of no moment, since at the time he filed his suppression motion, there was no exigency requirement under **Gary**. Nevertheless, Appellee properly asserted "the search of the vehicle was illegal," and argued "there was no probable cause . . . to search the trunk of the vehicle." **See id.** (capitalization omitted). Indeed, Appellee noted that under **Gary**, probable cause was all that was required. **See id.**

Thus, while we agree that the strong odor of marijuana, coupled with Appellee's nervous behavior and evasive answers as to his destination, provided Trooper Garrett with probable cause to suspect there might be contraband in the trunk, we are compelled to remand this case to the trial court for further proceeding directed at the exigencies of the situation pursuant to **Alexander**. **See Commonwealth v. Shaw**, 246 A.3d 879, 887

- 10 -

(Pa. Super. 2021) (reversing trial court's finding of probable cause to search vehicle based solely on odor of marijuana, and remanding for further proceedings; directing trial court to consider, *inter alia*, exigencies of the situation under **Alexander** although suppression motion challenged only probable cause).[8]

Because we conclude the Commonwealth is entitled to relief on its first issue, we need not address its second claim, relating to the suppression of statements Appellee allegedly made after the search of the trunk. The trial court suppressed these statements as "fruit of the poisonous tree." **See** Trial Ct. Op. at 10. If upon remand, the trial court determines exigent circumstances justified the search of the trunk, Appellee's subsequent statements would also be admissible.

Order vacated. Case remanded for proceedings consistent with this memorandum. Jurisdiction relinquished.

President Judge Emeritus Bender joins this memorandum.

Judge Nichols filed a dissenting memorandum.

---

[8] We note that this Court has applied the **Alexander** ruling inconsistently. In **Commonwealth v. Grooms**, 247 A.3d 31 (Pa. Super. 2021), a panel of this Court declined to consider the exigencies of a vehicle search when the appellant "did not raise the issue of exigency before the trial court or in his [Pa.R.A.P.] 1925(b) statement[.]" **Id.** at 37 n.9. In our view, Appellee should receive the benefit of the **Alexander** ruling, particularly where, as here, we are vacating the trial court's order, which granted Appellee relief.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>10/13/2021</u>