J-S44017-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOSHUA EUGENE FORD | : | No. 569 MDA 2020 |

Appeal from the Suppression Order Entered March 10, 2020
In the Court of Common Pleas of Berks County Criminal Division at
No(s):  CP-06-CR-0002698-2019

BEFORE:  BENDER, P.J.E., NICHOLS, J., and McCAFFERY, J.

DISSENTING MEMORANDUM BY NICHOLS, J.: **FILED: OCTOBER 13, 2021**

I agree with the Majority in concluding that the trial court erred in granting Appellee's motion to suppress.  However, because I disagree with the Majority's decision to remand the matter for reconsideration solely based on ***Commonwealth v. Alexander***, 243 A.3d 177, 181 (Pa. 2020), I respectfully dissent.

It is well settled that when a new rule of law is announced that

> [the] rule applies to all criminal cases still pending on direct review.  Case law is clear, however, that in order for a new rule of law to apply retroactively to a case pending on direct appeal, the issue had to be preserved at all stages of adjudication up to and including the direct appeal.

***Commonwealth v. Grooms***, 247 A.3d 31, 37 n.8 (Pa. Super. 2021) (citing, *inter alia*, ***Commonwealth v. Tilley***, 780 A.2d 649, 652 (Pa. 2001) and ***Commonwealth v. Newman***, 99 A.3d 86, 90 (Pa. Super. 2014) (*en banc*)) (some formatting altered).

*Grooms*, like the instant case, was pending direct review with this Court when our Supreme Court decided *Alexander*. In *Grooms*, the appellant challenged the trial court's denial of his motion to suppress evidence obtained from a warrantless vehicle search. *Id.* at 36. Ultimately, this Court issued a decision acknowledging the new rule announced by our Supreme Court in *Alexander*, but concluding that the appellant did not preserve an exigency issue, as he "simply dispute[d] the existence of probable cause itself." *Id.* at 37. The *Grooms* Court acknowledged that "[b]ecause [the a]ppellant did not contest the application of the automobile exception announced in *Gary*, which now has been overruled by *Alexander*, he logically had no occasion to address whether exigent circumstances existed to justify the officers' judgment that obtaining a warrant was not reasonably practicable." *Id.* at 37 n.9. Nonetheless, the Court concluded that, because the appellant did not specifically challenge the exigency requirement before the trial court or in his Rule 1925(b) statement, the issue had not been preserved for review. *Id.*

Here, as in *Grooms*, Appellee did not raise an exigency claim before the trial court. Nonetheless, the Majority reasons that "[t]he fact that Appellee did not specifically challenge the exigency requirement is of no moment, since at the time he filed his suppression motion, there was no exigency requirement under *Gary*." *See* Majority Op. at 10. The Majority then concludes that "Appellee properly asserted 'the search of the vehicle was illegal,' and argued 'there was no probable cause . . . to search the trunk of

the vehicle.' Indeed, Appellee noted that under **Gary**, probable cause was all that was required." **Id.** (citation omitted).

However, as our case law makes clear, a defendant is not entitled to the benefit of a new rule of law unless he properly preserves the issue before the trial court. **See Tilley**, 780 A.2d at 652; **Newman**, 99 A.3d at 90; **Grooms**, 247 A.3d at 37 n.9. Here, unlike the defendant in **Alexander**, Appellee did not challenge the officer's failure to obtain a search warrant.[1] **See Alexander** 243 A.3d at 193 n.8. Instead, as in **Grooms**, Appellee challenged only the existence of probable cause. Under these circumstances, I would conclude that, because Appellee did not challenge the exigency requirement, or even the officer's failure to obtain a warrant for the search generally, he is not entitled to relief based on the new rule announced in **Alexander**. **See Grooms**, 247 A.3d at 37 n.8.

Moreover, because the present record is sufficient for this Court to rule on Appellee's **preserved** suppression claims (*i.e.* whether police had probable cause to conduct the search), I see no purpose in remanding the matter for the trial court to re-open the record and conduct further suppression proceedings. **Cf. Commonwealth v. Barr**, 240 A.3d 1263, 1288 (Pa. Super. 2020) (remanding a case for further development because the suppression

---

[1] With respect to issue preservation, the **Alexander** Court noted that although the defendant did not explicitly claim that **Gary** should be overruled, he preserved the exigency issue by referencing the officer's **failure to obtain a search warrant** in his suppression motion and reiterating at the suppression hearing that the police "could have gotten a search warrant[]" for the vehicle. **See id.** at 193 n.8.

record was "inadequate to conclude whether police possessed probable cause to search [the a]ppellee's vehicle"). Therefore, because it is unnecessary to reopen the record to resolve the claims preserved in this appeal,[2] I would decline to remand the matter for reconsideration solely based on *Alexander*.

For these reasons, I respectfully dissent.

---

[2] This Court's case law emphasizes that it not necessary to reopen the suppression record in all cases. *Compare Grooms*, 247 A.3d at 37 (remanding for the suppression court to "determine **on the existing record** . . . whether the police officers relied on, or were influenced by, any additional factors beyond the smell of marijuana" based on the factors discussed in *Barr* (emphasis added)) *with Commonwealth v. Shaw*, 246 A.3d 879, 887 (Pa. Super. 2021) (stating that further development of the record was necessary because, like in *Barr*, the suppression court "failed to provide us with discrete credibility assessments relevant to the other potential factors affecting probable cause" and concluding that, because the suppression ruling was inconsistent with both *Alexander* and *Barr*, the court should apply both decisions on remand (formatting altered)).