**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| STEPHEN LEE DUTTER | : | |
| | : | |
| Appellant | : | No. 1184 EDA 2023 |

Appeal from the Judgment of Sentence Entered April 27, 2023
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s): CP-39-CR-0000093-2022

BEFORE: BOWES, J., McLAUGHLIN, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.: **FILED NOVEMBER 27, 2024**

Appellant, Stephen Lee Dutter, appeals from his judgment of sentence following a bench trial at which he was convicted of driving under the influence of a controlled substance, possession of a small amount of marijuana, possession of drug paraphernalia, and the summary offenses of driving while operating privileges are suspended or revoked and violation of vehicle headlight requirements.[1] Appellant's appellate counsel has filed a petition to withdraw from representation and an **_Anders_**[2] brief, stating that the appeal

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 75 Pa.C.S. § 3802(d)(1)(i) and (d)(2), 35 P.S. § 780-113(a)(31), 35 P.S. § 780-113(a)(32), 75 Pa.C.S. § 1543(a), and 75 Pa.C.S. § 4303(a), respectively.

[2] **_Anders v. California_**, 386 U.S. 738 (1967).

is wholly frivolous. After careful review, we grant counsel's petition to withdraw and affirm.

At approximately 10:51 p.m. on May 27, 2021, a Pennsylvania State Police trooper observed Appellant's car traveling on US 22 in South Whitehall Township, Pennsylvania, with a non-functioning headlight and initiated a traffic stop. Trial Court Opinion at 1; Trial Court Order, 9/12/22, at 1 n.1. After Appellant pulled over, the trooper explained the reason for the stop and asked for Appellant's driver's license, registration, and proof of insurance, and Appellant told the trooper that he did not have a valid license. Trial Court Opinion at 1-2. During this conversation, the trooper observed that Appellant's eyes were red and bloodshot and that his speech was slow and slurred. *Id.* at 2. The trooper asked Appellant to step out of the vehicle and conducted field sobriety tests. *Id.* at 2; Trial Court Order, 9/12/22, at 1 n.1. The trooper concluded based on the field sobriety tests that Appellant was under the influence of a controlled substance and arrested Appellant. Trial Court Opinion at 2; Trial Court Order, 9/12/22, at 1 n.1. A subsequent blood draw revealed the presence of marijuana in Appellant's system. Trial Court Opinion at 2; Trial Court Order, 9/12/22, at 1 n.1.

Appellant was subsequently charged with the above offenses. On July 21, 2022, Appellant filed a motion to suppress evidence obtained during the traffic stop and the blood test on the ground the traffic stop was illegal. Following a hearing, the trial court on September 12, 2022, denied Appellant's

motion to suppress. Trial Court Order, 9/12/22. Appellant thereafter agreed to a stipulated bench trial. At this bench trial on April 27, 2023, the trial court found Appellant guilty of all charges and sentenced him to 5 days of incarceration, followed by probation with restrictive sanctions for 4 years, 11 months, and 25 days, with the first 120 days to be served on house arrest with electronic monitoring. N.T. Trial and Sentencing at 18, 30-33.

This timely appeal followed. The trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Appellant timely filed a Rule 1925(b) statement in which the only issue that he raised was that the traffic stop was unlawful and that the trial court therefore erred in denying the suppression motion. On September 6, 2023, Appellant's counsel filed an *Anders* brief and petition to withdraw as counsel. Appellant did not file any response to that petition to withdraw or *Anders* brief. The Commonwealth filed a brief in support of affirmance.

Before this Court can consider the merits of this appeal, we must first determine whether Appellant's counsel has satisfied all of the requirements that court-appointed counsel must meet before leave to withdraw may be granted. *Commonwealth v. Dempster*, 187 A.3d 266, 270 (Pa. Super. 2018) (*en banc*); *Commonwealth v. Reid*, 117 A.3d 777, 781 (Pa. Super. 2015). To withdraw from representing a defendant on direct appeal on the basis that the appeal is frivolous, counsel must (1) petition the court for leave to withdraw stating that he has made a conscientious examination of the

record and has determined that the appeal would be frivolous; (2) file a sufficient **Anders** brief; and (3) provide a copy of the **Anders** brief to the defendant and advise the defendant of his rights to proceed with retained counsel or *pro se*. **Commonwealth v. Falcey**, 310 A.3d 313, 314 (Pa. Super. 2024); **Dempster**, 187 A.3d at 270; **Commonwealth v. Millisock**, 873 A.2d 748, 751 (Pa. Super. 2005).

An **Anders** brief must comply with all the following requirements:

[T]he **Anders** brief … must (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Commonwealth v. Santiago**, 978 A.2d 349, 361 (Pa. 2009); **see also Dempster**, 187 A.3d at 270. The letter advising the defendant of his rights must advise him that he has an immediate right to: (1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; and (3) raise any points that he deems worthy of the court's attention. **Commonwealth v. Orellana**, 86 A.3d 877, 880 (Pa. Super. 2014); **Commonwealth v. Nischan**, 928 A.2d 349, 353 (Pa. Super. 2007); **Millisock**, 873 A.2d at 751-52.

If counsel has not satisfied all three of these threshold procedural requirements, the petition to withdraw must be denied and counsel must be directed to correct the deficiency. **Falcey**, 310 A.3d at 314-15; **Commonwealth v. Tukhi**, 149 A.3d 881, 886 (Pa. Super. 2016); **Millisock**,

873 A.2d at 752. In the instant matter, we denied counsel's September 6, 2023 application to withdraw after concluding that, although counsel's brief and petition to withdraw substantially complied with *Anders*, counsel's letter to Appellant advising him of his rights did not because it failed to advise Appellant of his right to privately retain new counsel. Accordingly, we directed counsel to send a letter to Appellant that fully informed him of his immediate right to privately retain new counsel, proceed *pro se*, and raise any additional points that he deems worthy of this Court's attention and to file an amended petition to withdraw attaching that letter. In addition, we ordered that if Appellant retained new counsel, the privately retained counsel could respond to the *Anders* brief if he entered his or her appearance in this Court within 30 days of counsel's letter.

Counsel filed an amended petition to withdraw on October 3, 2024, and attached a copy of the letter that he sent to Appellant that complies with this Court's order and with his obligation to advise Appellant of Appellant's immediate right to privately retain new counsel, proceed *pro se*, and raise any additional points that he deems worthy of this Court's attention. No new counsel has entered an appearance for Appellant, and Appellant has to date not filed any response to the *Anders* brief or to the amended petition to withdraw. Given that counsel has now filed a petition to withdraw, *Anders* brief, and letter that comply with the procedural requirements outlined above, we may conduct our own review of the merits of this appeal. In this review,

this Court first considers the issues raised by counsel in the **Anders** brief and determines whether they are in fact frivolous. **Dempster**, 187 A.3d at 272. In addition, if the Court finds those issues frivolous, this Court conducts a review of the record to ascertain if, on its face, there are other issues of arguable merit overlooked by counsel. **Commonwealth v. Yorgey**, 188 A.3d 1190, 1196-97 (Pa. Super. 2018) (*en banc*); **Dempster**, 187 A.3d at 271-72.

Counsel in his **Anders** brief raises the following single issue: whether the traffic stop out of which the charges arose was illegal and the trial court therefore erred in denying Appellant's motion to suppress. **Anders** Brief at 3, 7-10. We agree with counsel that this issue is frivolous.

A law enforcement officer has authority to stop a motor vehicle where he has reasonable suspicion that the vehicle or driver is in violation of the Vehicle Code and further investigation is needed to determine that a violation has occurred or where he has probable cause to believe that the vehicle or driver is in violation of the Vehicle Code. 75 Pa.C.S. § 6308(b); **Commonwealth v. Shaw**, 246 A.3d 879, 883-84 (Pa. Super. 2021); **Commonwealth v. Salter**, 121 A.3d 987, 992-93 (Pa. Super. 2015); **Commonwealth v. Feczko**, 10 A.3d 1285, 1291 (Pa. Super. 2010) (*en banc*). Here, the evidence at the suppression hearing showed that the trooper had probable cause to believe that Appellant's car was in violation of the Vehicle Code.

Section 4303 of the Vehicle Code provides in relevant part that "[e]very vehicle, except trailers, operated on a highway shall be equipped with head lamp system in conformance with regulations of the department." 75 Pa.C.S. § 4303(a). The applicable department regulations provide that passenger cars and light trucks "shall have a two- or four-headlamp system" and that "[e]very required lamp or switch shall be in safe operating condition." 67 Pa.Code § 175.66(a), (c). The record of the suppression hearing shows that Appellant's car was in violation of these requirements. The video recording from the trooper's vehicle that was introduced in evidence at the suppression hearing shows that the passenger side headlight of Appellant's car was on and that the driver's side headlight was out. Suppression Hearing Commonwealth Ex. 3. The trooper's stop of Appellant was therefore lawful, and the trial court did not err in denying Appellant's motion to suppress. *Salter*, 121 A.3d at 993-94 (violation of Section 4303 of the Vehicle Code's lighting requirements is valid grounds for a traffic stop); *Commonwealth v. Hynes*, 730 A.2d 960, 962-63 (Pa. Super. 1999) (same).

Based on the foregoing, we agree with counsel that the issue raised by Appellant lacks any arguable merit. In addition, we have reviewed the certified record and have discovered no additional issues of arguable merit on the face of the record. Therefore, we grant counsel's petition to withdraw and affirm the trial court's judgment of sentence.

Judgment of sentence affirmed. Petition to withdraw as counsel granted.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/27/2024